## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

OCTAVIUS WRIGHT,

                Plaintiff,

vs.

TRANSPORT CORPORATION OF
AMERICA, INC. d/b/a TRANSPORT
AMERICA, GREAT WEST CASUALTY
CO., and STANLEY FORD,

                Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION
FILE NO.:

## COMPLAINT

COMES NOW Octavius Wright, Plaintiff, and makes and files this complaint against Defendants Transport Corporation of America, Inc. d/b/a Transport America, Great West Casualty Co. and Stanley Ford, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Octavius Wright is a citizen of the State of Georgia and resides in this state, and is subject to the jurisdiction of this court.

2.

Defendant Transport Corporation of America, Inc. ("Transport America") is a foreign corporation, existing under the laws of the State of Minnesota with its

principal place of business in the State of Minnesota, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent Bruce Mitchell at 3390 Peachtree Road, Suite 520, Atlanta, Fulton County, GA 30326 and is subject to the jurisdiction of this court.

3.

Defendant Great West Casualty Co. ("Great West") is a foreign corporation, existing under the laws of the State of Nebraska with its principal place of business in the State of Nebraska, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Matthew Stone at 100 Galleria Parkway, Suite 1600, Atlanta, Cobb County, Georgia 30339 and is subject to the jurisdiction of this court.

4.

Defendant Stanley Ford ("Ford") is a citizen of the State of Florida and resides in this state, and may be served with a copy of the Summons and Complaint at his home address of 418 Morning Creek Circle, Apopka, Florida 32712 and is subject to the jurisdiction of this court.

5.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

**BACKGROUND**

7.

On or about August 13, 2013, Plaintiff Octavius Wright was driving a vehicle southbound on I-85 in the far right lane of travel in Fulton County, Georgia.

8.

On or about that date, Defendant Ford was driving a tractor-trailer southbound two lanes to the left of Plaintiff's vehicle.

9.

Defendant Ford lost control of his vehicle causing the trailer to overturn and fall on top of Plaintiff's vehicle pushing the vehicles onto the shoulder of the road.

10.

As a result of the collision, Plaintiff suffered significant orthopedic injuries and mental and psychological injuries.

## COUNT I – NEGLIGENCE

### 11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

### 12.

Defendant Ford was negligent in traveling too fast for conditions and in failing to maintain his lane of travel.

### 13.

Defendant Ford was negligent in colliding with Plaintiff's vehicle.

### 14.

Defendant Ford's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

### 15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

### 16.

At the time of the subject collision, Defendant Ford was under dispatch for Defendant Transport America.

17.

At the time of the subject collision, Defendant Ford was operating his vehicle on behalf of Defendant Transport America.

18.

Defendant Transport America is an interstate or intrastate motor carrier, and pursuant to federal and state laws, are responsible for the actions of Defendant Ford in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Transport America was negligent in hiring Defendant Ford and entrusting him to drive a commercial vehicle.

21.

Defendant Transport America was negligent in failing to properly train Defendant Ford.

22.

Defendant Transport America was negligent in failing to properly supervise Defendant Ford.

23.

Defendant Transport America's negligence in hiring Defendant Ford and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant Great West is subject to a direct action as the insurer for Defendant Transport America pursuant to O.C.G.A. § 40-2-140.

26.

Defendant Great West was the insurer of Defendant Transport America at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

27.

Defendant Transport America and Defendant Great West are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

28.

Defendant Great West is responsible for any judgment rendered against Defendant Transport America.

## COUNT V – DAMAGES

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

As a result of Defendants' negligence, Plaintiff suffered significant orthopedic injuries and mental and psychological injuries.

31.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff has missed time from work and has a claim for lost wages.

33.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT VI – PUNITIVE DAMAGES

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.   That Plaintiff recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.   That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That Plaintiff recover for his permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d.    That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

e.    That Plaintiff recover such other and further relief as is just and proper.

This 3rd day of September, 2014.

Respectfully Submitted,

**FRIED ROGERS GOLDBERG LLC**

By: */s/ Michael L. Goldberg*
**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**ERIC J.D. ROGERS**
Georgia Bar No. 100081

Two Alliance Center
3560 Lenox Road, N.E.
Suite 1250
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: Michael@frg-law.com
Email: eric@frg-law.com

**KALKA & BAER, LLC**

By: */s/ Anthony C. Kalka*
**ANTHONY C. KALKA**
Georgia Bar No. 406224

1447 Peachtree Street
Suite 550
Atlanta, Georgia 30309
(404) 835-8072
Fax: (678) 916-4677
Email: tkalka@kalkabaer.com